Ryan L. McBride, Esq.
ryan@kazlg.com
Aryanna Young, Esq.
aryanna@kazlg.com
**KAZEROUNI LAW GROUP**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

William Rose, II, Esq.
roseconsumerlaw@gmail.com
**WILLIAM ROSE LAW GROUP, PC**
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Telephone: (310) 870-7111
Facsimile: (310) 870-7112

Attorneys for Plaintiff
EMECKA WIMBERLEY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMECKA WIMBERLEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHIME FINANCIAL, INC.<br><br>    Defendant. | Case No:<br><br>**Complaint for:**<br><br>1. **Violations of Electronic Funds Transfer Act;**<br>2. **Violations of Consumer Legal Remedies Act, Cal Civ Code §§ 1750 et seq.**<br>3. **California Business & Professions Code §§ 17200 et seq.; and,**<br>4. **Negligence.**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") to provide a basic framework, establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2. EMECKA WIMBERLEY ("Plaintiff"), by his attorneys, brings this action to challenge the actions of CHIME FINANCIAL, INC. ("Defendant" or "Chime") to unlawfully, abusively and without authorization transfer funds out of Plaintiff's consumer checking account, thereby causing Plaintiff damages.

3. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to a federal law, the EFTA, and 28 U.S.C. § 1331, 15 U.S.C. § 1693 et. Seq. and 28 U.S.C. § 1367 for supplemental state claims.

5. This action arises out of Defendant's: (i) violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"); (ii) violations of California

Commercial Code § 11202 et seq; (iii) Negligence; (iv) Consumer Legal Remedies Act, California Civil Code § 1750 et seq, and (v) Business and Professions Code § 17200 et seq.

6. Because Defendant conducts business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

**PARTIES**

8. Plaintiff is a natural person who resides in the County of Los Angeles, State of California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Delaware corporation conducting business in the State of California.

10. Defendant is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and a "financial institution" as defined by 15 U.S.C. § 1693a(9).

11. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so

as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1692a(7).

## STATEMENT OF FACTS

12. Defendant is a financial services company which, in an effort to attract depositors, advertises widely online that it is "Safe, Secure & Trusted by Millions". Chime advertises further that "we keep your money safe and secure with periodic security tests of our systems".

13. In December 2022, relying on these representations, Plaintiff opened a Chime checking account, account number ending in 1513 (the "Account"). The Account was a consumer account, opened for personal, family and household purposes.

14. In January 2023, Plaintiff began experiencing intermittent difficulties logging into his account. Shortly thereafter, funds were taken from Plaintiff's Account by multiple unauthorized electronic funds transfers.

15. The first loss occurred February 12, 2023 when $319.37 was removed via debit card for the purchase of apparel in the state of Michigan.

16. Plaintiff had not yet been provided with a debit card by Chime when the Michigan transaction occurred.

17.     Because Chime had not yet provided Plaintiff with a Debit Card at the time of the Michigan transactions, Plaintiff is informed and believes and, on that basis, alleges that the unauthorized debit transactions were conducted by employees of Chime or facilitated by Chime employees by providing Plaintiff's debit card information to the identity thieves.

18.     That same day, February 12, 2023, immediately upon learning of the unauthorized transfer, Plaintiff contacted Defendant by telephone and filed a dispute. During that phone call, Defendant's representative insisted that Chime would close Plaintiff's debit card, replace it with a new one, and refund the amount taken from his account.

19.     Each of these statements was false because Chime did not (1) close the debit card; (2) issue Plaintiff a new one; nor (3) credit Plaintiff with the amount taken. Chime's failure to comply with its own representations, resulted in the further unauthorized use of "Plaintiff's Debit Card", a card which Chime never actually provided to Plaintiff.

20.     Ten days later, on February 22nd, 2023, the sum of $196.98 was removed from Plaintiff's account, again by debit card for the purchase of apparel, this time in Hong Kong. Plaintiff still did not have a debit card, nor had he ever done business with any merchant in Hong Kong.

21. Over the next four days - February 23, 2023 through February 26, 2023 - unauthorized electronic transfers out of Plaintiff's Account were made to purchase items from merchants worldwide, including Hong Kong and Brazil. In each instance, Plaintiff had not yet been issued a debit card; nor had he ever done business in these locations nor was Plaintiff located in these locations at the times of purchase.

22. By February 26, 2023, the total amount lost by Plaintiff by unauthorized electronic funds transfer was $ 1,568.95.

23. On February 26, 2023, Plaintiff called Chime and filed a second dispute. By then, the total amount lost by unauthorized electronic funds transfer was $ 1,568.95. The dispute was numbered #6402564. In that call, Chime promised Plaintiff that a provisional credit for the entire amount would be posted into his account within ten (10) days. Chime also told Plaintiff that there was nothing more he needed to do.

24. Once again, each of Chime's representations was false. Chime did nothing within ten (10) days as promised.

25. Thirty-three (33) days later, on March 29, 2023, Chime alerted Plaintiff that the provisional credit had been posted to his Account. This statement was false.

26. Nothing was credited to Plaintiff's Account. Instead, later that day, March 29, 2023, Chime texted Plaintiff that, contrary to Plaintiff's allegations:

(a), there was no error in any of the debit card transactions:

(b) therefore, no funds would be credited to the Account; and.

(c) Plaintiff's claim is closed.

27. A week later, on April 5, 2023, another $58.17 was stolen from the Account via unauthorized electronic funds transfer. The same amount was taken again the next day, April 6, 2023, also by unauthorized electronic funds transfer. Plaintiff immediately contacted Chime to inform them of the additional unauthorized charges.

28. On April 22, 2023, Plaintiff received a message from a Chime representative stating: "I completely understand the inconvenience you are experiencing. We are working to resolve your case as quickly as possible. Based on the nature of your claim, we will complete the investigation no later than Jun 27, 2023. We will notify you by email as soon as the investigation is completed."

29. Three days later, on April 25, 2023, Plaintiff received a favorable email from Chime member services, stating: "This letter is to inform you that we have made a final determination regarding the claim referenced above. Based on our investigation, we have concluded an error occurred. As we explained in our letter sent to you on 2023-03- 24, a provisional credit in the amount of $1,568.95 was posted to your account. This provisional credit is now permanent and any applicable fee(s) have been reversed."

30.  Once again each of Chime's representations were false. No funds were credited. Instead, a few days later, Plaintiff received another Chime letter denying his claim. Defendant subsequently closed Plaintiff's account.

31.  Plaintiff's total loss via unauthorized electronic funds transfer was in the thousands of dollars. Said funds have not been replaced by Defendant nor otherwise recovered by Plaintiff.

### CAUSES OF ACTION
### COUNT I
### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15.   U.S.C. §§ 1693, ET SEQ.

32.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.  The foregoing acts and omissions constitute numerous and multiple violations of the EFTA, including the unauthorized withdrawal of funds out of Plaintiff's account by electronic means.

34.  In each instance, Plaintiff timely notified Chime of the unauthorized withdrawals.

35.  In each instance, Chime failed to reimburse Plaintiff for the funds stolen from Plaintiff's account by unauthorized electronic funds transfer.

36.  As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C.

§ 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II
### VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750. ET SEQ

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. California Civil Code Section 1750, *et seq.,* entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

39. Defendant's Products are "goods" as defined pursuant to Civil Code Section 1761(a).

40. Defendant's Products are "services" as defined pursuant to Civil Code Section 1761(b).

41. Plaintiff is a "consumer" as defined pursuant to Civil Code Section 1761(d).

42. Plaintiff's purchase of Defendant's Products constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

43. Cal. Civil Code Section 1770(a)(5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ….[or] benefits that they do not have….
>
> (7) [r]representing that goods or services are of a particular standard, quality, or grade … if they are of another…
>
> (9) Advertising goods or services with intent not to sell them as advertised.

44. Defendant violated Civil Code Section 1770(a)(5) and (7) by marketing and representing its services as protecting customers from fraud, and by then by delivering services which, in fact, actually leave customers open to having money stolen from accounts with Defendant.

45. Defendant violated Civil Code Section 1770(a)(9) by advertising and selling services with the knowledge that Defendant's services did not provide the level of security and protection which Defendant had advertised.

46. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

47. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by an unauthorized person on Defendant's watch.

48. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff is entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

49. On November 9, 2023, Plaintiff sent a letter to Defendant via certified mail giving Defendant the opportunity to remedy the failure to reimburse Plaintiff with the funds stolen from his account. As of the filing of this Complaint, Defendant has not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782. A true and correct copy of this letter is attached as Exhibit "A" and incorporated by reference. Plaintiff has also provided a CLRA venue affidavit as an attachment to this complaint.

50. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future and to recover money damages.

## COUNT III
### VIOLATIONS OF THE CALIFORNIA BUS & PROF. CODE
### CAL. CIV. CODE §§ 17200. ET SEQ

51. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. C. § 17201. Cal. Bus & Prof. C. § 17204 authorizes a private right of action on both an individual and representative basis.

53. Cal. Bus. & Prof. C. § 17204, a provision of the Unfair Competition Law (B & P C §§ 17200–17209), confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any person acting for the interests of itself, its members or the general public." Thus, a private Plaintiff who has suffered a financial injury may sue to obtain relief for others.

54. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

55. An "injunction" is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009); *see also*, *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010) ("[i]f a party has standing under" the UCL, "it may seek injunctive relief").

### A. *"Unlawful" Prong*

56. By knowingly and intentionally transferring Plaintiff's money without Plaintiff's authorization, Defendant has engaged in unlawful business practices.

57. The practices described herein by Defendant constitute negligence, trespass to chattels, breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion.

58. Defendant violated Cal. Bus. & Prof. Code §§17200, *et. seq.* through unfair, unlawful, and deceptive business practices, Defendant violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business acts or practices perpetrated on consumers.

59. Defendant had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein, such as talking directly with Plaintiff before transferring their money.

60. Plaintiff suffered actual monetary financial injury in that Plaintiff's money was stolen out of his account.

61. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

62. Plaintiff seeks public injunctive relief to benefit the general public directly by bringing an end to Defendant's unlawful business practices which threaten future injury to the general public.

### B. *"Unfair" Prong*

63. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to

consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

64. Without limitation, the business practices describe herein are "unfair" and shock the conscience because they offend established public policy, violate California statutory protections, and are objectively immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that Defendant's conduct caused Plaintiff to lose out financially due to the prevention of fraudulent transfers and the failure to maintain security measures.

65. Defendant could and should have furthered its legitimate business interests by not allowing fraudulent transfers to occur when Plaintiff notified Defendant of the issue.

66. Plaintiff could not have reasonably avoided the injury he suffered.

67. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, and is a source of considerable revenue to Defendant.

68. Plaintiff seeks an injunction requiring Defendant to immediately return the money to Plaintiff that was taken on Defendant's watch.

## COUNT IV
## NEGLIGENCE

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the EFTA, the Consumer Legal Remedies Act and the Business and Professions Code. Specifically, Defendant owed Plaintiff a duty to protect Plaintiff from the fraudulent withdrawal of funds from Plaintiff's account. Further, Defendant owed a duty to Plaintiff to refund any fraudulent withdrawals of funds if Plaintiff timely notified Defendant of the fraud, which Plaintiff did.

71. Defendant breached the duty of care it owed to Plaintiff by allowing a third party or parties to make fraudulent withdrawals from Plaintiff's account and for failing to reimburse Plaintiff once Plaintiff notified Defendant of the fraudulent withdrawals.

72. Plaintiff asserts that Defendant CHIME is the actual and legal cause of Plaintiff's injuries.

73. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress as well as monetary damages.

74. Due to the egregious violations alleged herein, each Plaintiff asserts that Defendant breached its duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for the rights of Plaintiff and entitles Plaintiff to recover punitive damages from Defendant CHIME.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
- An award of statutory damages of no less than $100 nor greater than $1000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);
- For reasonable attorney's fees and costs of suit pursuant to the EFTA and the CLRA;
- Compensatory damages, punitive damages, reasonable attorney's fees and costs, and all other remedies otherwise provided by law;
- Any and all other relief that this court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Date: February 6, 2024

/s/Ryan L. McBride
Ryan L. McBride, Esq.
Attorney for Plaintiff